NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7124

BENNY J. HATHORNE, SR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Benny J. Hathorne, Sr., of Bogalusa, Louisiana, pro se.

Joan Stentiford-Swyers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7124

BENNY J. HATHORNE, SR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2778, Judge Robert N. Davis.

_____

DECIDED: December 9, 2009

_____

Before MAYER, FRIEDMAN, and GAJARSA, Circuit Judges.

PER CURIAM.

Benny J. Hathorne, Sr. appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") that denied Mr. Hathorne's service-connected disability claims for a low back disorder. See Hathorne v. Shinseki, No. 07-2778 (Vet. App. Apr. 30, 2009) ("Veterans Court Decision"). We dismiss Mr. Hathorne's appeal for lack of jurisdiction.

BACKGROUND

Benny J. Hathorne, Sr. served on active duty from July 1952 to July 1956. In July 1985, the Department of Veterans Affairs ("VA") Regional Office ("RO") denied his claim for service connection relating to a low back disorder. The RO denied Mr. Hathorne's claim, finding that his service medical records did not show an incurrence of a back injury, and that his military separation examination did not show a history or current complaints of a back injury. The RO also found no evidence of degenerative disc disease within one year of his separation from military service. Mr. Hathorne did not appeal this decision to the Board.

In October 1985, the RO reconsidered the decision, because service medical records not previously before the VA confirmed an in-service accident. However, the RO continued the denial, finding the in-service back injury as acute, transitory, and not related to the current diagnosis.

In March 2002, Mr. Hathorne submitted additional evidence to reopen his claim. The RO reopened and denied the claim, and Mr. Hathorne appealed to the Board. In July 2006, the Board denied the appeal, finding no evidence of a nexus between his current disability and his military service. Mr. Hathorne appealed to the Veterans Court, and the Veterans Court affirmed.

Mr. Hathorne again tried to reopen his claim by submitting the following items: (1) lay testimony arguing that his current disability is related to his military service; (2) a report from a private medical doctor; (3) copies of VA regulations and previous correspondence from the VA regarding his claim; and (4) news articles describing the causes of rheumatoid arthritis. The RO declined to reopen the claim, and Mr. Hathorne

appealed to the Board. In its May 2007 decision, the Board found that its July 1996 decision was final because there was no new and material evidence that is required to reopen the denied claim. Mr. Hathorne appealed to the Veterans Court, arguing that: (1) the evidence he submitted was new and material; (2) the VA failed to provide him a medical examination; and (3) the VA failed to obtain private medical records from Dr. Hortman, who treated him in 1985. The Veterans Court affirmed the Board decision, holding that: (1) the items that Mr. Hathorne offered was either not new or not material; (2) the VA is not required to provide a medical examination absent new and material evidence; and (3) the VA did not fail in its duty to assist because Mr. Hathorne failed to adequately identify the private medical records.

Mr. Hathorne timely filed this appeal.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. We may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. See 38 U.S.C. § 7292(d)(2).

Mr. Hathorne asserts that his due process of law rights under the United States Constitution was not satisfied as a result of the denial of his benefits. However, a mere assertion of a constitutional claim does not confer jurisdiction on this Court. See Helfer v. West, 174 F.3d 1332 (Fed. Cir.1999). His argument is only a challenge on the denial

of benefits, and as such does not confer jurisdiction on this Court.  <u>Id.</u> at 1335.  Nothing in Mr. Hathorne's brief presents a constitutional question or any other issue that gives this Court jurisdiction.  Accordingly, we dismiss Mr. Hathorne's appeal.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

No costs.